IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 23-cv-6616<br><br>Judge Sharon Johnson Coleman |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on TV TOKYO CORPORATION's Motion for a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against Defendants identified in Amended Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's NARUTO Trademarks (the "NARUTO Products").

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this

1

litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark infringement because (1) the NARUTO Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register as U.S. Trademark Registration Nos. 3,229,574; 3,280,366 and 3,726,754 for the NARUTO marks, (2) Defendants are not licensed or authorized to use the NARUTO Trademarks, and (3) Defendants' use of the NARUTO Trademarks are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with TV TOKYO CORPORATION. Furthermore, Defendants' continued and unauthorized use of the NARUTO Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:
   a. using Plaintiff's NARUTO Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or

      sale of any product that is not a genuine NARUTO Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's NARUTO Trademarks;

b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine NARUTO Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's NARUTO Trademarks;

c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.   further infringing Plaintiff's NARUTO Trademarks and damaging Plaintiff's goodwill;

e.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's NARUTO Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof; and

f.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell Counterfeit NARUTO Products.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Amazon.com, Inc. ("Amazon"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounts, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the NARUTO Trademarks, including any accounts associated with the Defendants listed in Amended Schedule A; and

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the NARUTO Trademarks.

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4. Amazon shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon accounts connected to the information listed in Amended Schedule A hereto; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5.  Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Hiroaki Saiki and any e-mail addresses provided for Defendants by third parties accompanied by a link to the website where the above-identified documents are located. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6.  Plaintiff's Amended Schedule A to the Amended Complaint [Dkt. No. 11], the Exhibit to the Declaration of Hiroaki Saiki [Dkt. No. 15] and the TRO [Dkt. No. 20] are unsealed.

7.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: October 17, 2023

_____
The Honorable Sharon Johnson Coleman
U.S. District Judge

## AMENDED SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 163 | BloodSupply |
| 170 | dexiulibaihuodian 私信下，投诉必报仇 |
| 184 | Haochen"s |
| 200 | LIANGLIDE Brand Store |
| 201 | LIANGREN |
| 211 | Mr.WU TOY |
| 217 | pingdinglanshengbaihuodian |
| 229 | sakura3 |
| 245 | XiAnXiuYing1 |
| 259 | 拉扎斯 |